**EXHIBIT**

**A**

**Fill in this information to identify the case:**

Debtor name **Noble Health Real Estate LLC**

United States Bankruptcy Court for the: WESTERN DISTRICT OF MISSOURI

Case number (if known) **23-20051-11**

☐ Check if this is an amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ■ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1 State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.2 State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.3 State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| 2.4 State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name    **Noble Health Real Estate LLC**

United States Bankruptcy Court for the:    WESTERN DISTRICT OF MISSOURI

Case number (if known)    **23-20051-11**

☐ Check if this is an amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy          04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

### Part 1:    Income

1. **Gross revenue from business**

   ☒ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
   | --- | --- | --- |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☒ None.

   | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
   | --- | --- | --- |

### Part 2:    List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☒ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer *Check all that apply* |
   | --- | --- | --- | --- |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None.

   | Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
   | --- | --- | --- | --- |
   | UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN |

| Debtor | **Noble Health Real Estate LLC** | Case number *(if known)* | **23-20051-11** |
|---|---|---|---|

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☐ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Lead Bank | SETOFF | UNKNOWN | UNKNOWN |

**Part 3:   Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| ITRIA Venture, LLC v. Noble Health Audrain Inc., et al<br>22SL-CC02100 | Default Judgement | Court of St. louis County, MO – 21st Judicial Circuit | Default Judgement |
| Highland Hill Capital v. Noble Health Audrain Inc., et al<br>22AU-CC00041 | Default Judgement | Court of St. louis County, MO – 21st Judicial Circuit | Default Judgement |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

**Part 4:   Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:   Certain Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Dates of loss | Value of property lost |
|---|---|---|---|

| Debtor | **Noble Health Real Estate LLC** | Case number *(if known)* **23-20051-11** |
|---|---|---|

---

### Part 6:   Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| Berman, DeLeve, Kuchan & Chapman, LLC | | Feb. 09, 2023 | $5,000.00 |
| | | * Funds supplied to the Debtor were from a Capital Contribution made by Pasture Medical LLC, the sole interest holder of the Debtor. | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☒ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☒ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

---

### Part 7:   Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy (From-To) |
|---|---|
| **UNKNOWN** | **UNKNOWN** |

---

### Part 8:   Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

| Debtor | **Noble Health Real Estate LLC** | Case number *(if known)* **23-20051-11** |
|---|---|---|

---

**Part 9:**    **Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐ No.
☒ Yes. State the nature of the information collected and retained.

- HIPAA protected medical records continue to be secured in these buildings.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

---

**Part 10:**    **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN |

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it (Address) | Description of the contents | Does debtor still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☐ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN |

---

**Part 11:**    **Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

Debtor    **Noble Health Real Estate LLC**                                        Case number *(if known)*  **23-20051-11**

---

**Part 12:**   **Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

---

**Part 13:**   **Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☒ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br>**Dates business existed** |
|---|---|---|
| | | |

26. **Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
    ☒ UNKNOWN

| Name and address<br><br>**UNKNOWN** | Date of service<br>From-To<br>**UNKNOWN** |
|---|---|

    26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

    ☒ UNKNOWN

    26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

    ☒ UNKNOWN

| Name and address<br><br>**UNKNOWN** | If any books of account and records are unavailable, explain why<br>**UNKNOWN** |
|---|---|

Debtor    **Noble Health Real Estate LLC**                                Case number *(if known)*  **23-20051-11**

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial
statement within 2 years before filing this case.

☒ **UNKNOWN**

| Name and address |
| --- |
| UNKNOWN |

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
| --- | --- | --- |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people
in control of the debtor at the time of the filing of this case.**

- **Zev M. Reisman**: General Manager / Corporate Secretary

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in
control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☒ Yes. Identify below.

- To the best of our knowledge the following may have been in control of the debtor within the past year. There may be additional names, that will
be disclosed if discovered.
- **Daniel Tasset**: Board of Directors
- **Jeremy Tasset**:
- **William Andrew Solomon**: Owner, President, Personal Guarantor,
(con't on next page)
- **Donald R. Peterson**: Secretary, Vice President, Assistant Treasurer, Board of Directors
- **Thomas W. Carter**: President, Sole Member, Assistant Secretary, Treasurer, Director
- **Terry W. Nichols**: Vice President, Director,
- **Don Buchanan**: Director
- **Ryan Cole**:
- **Cory Countryman**
- **Brandon Deiters**

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses,
loans, credits on loans, stock redemptions, and options exercised?

☐ No
☒ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
| --- | --- | --- | --- |
| UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN |

31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☒ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
| --- | --- |

Debtor   **Noble Health Real Estate LLC**                                            Case number *(if known)* **23-20051-11**

---

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | |

---

**Part 14:**   **Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **March 8, 2023**

**/s/ Zev M. Reisman**                                    **Zev M. Reisman**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor   **General Manager / Corporate Secretary**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☒ No
☐ Yes

# United States Bankruptcy Court
## Western District of Missouri

In re __Noble Health Real Estate LLC__        Case No. __23-20051-11__

Debtor(s)        Chapter __11__

### LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| **Pasture Medical LLC, a Wyoming Limited Liability Company 30 N Gould St Ste R Sheridan, WY 82801** | **Interest  Holder** | **100%** | **Sole Owner** |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **General Manager / Corporate Secretary** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date __March  8, 2023__        Signature __/s/ Zev M. Reisman__

__Zev M. Reisman__

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
## Western District of Missouri

In re __Noble Health Real Estate LLC_____   Case No.   __23-20051-11__

_____   Chapter   __11_____
Debtor(s)

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for __Noble Health Real Estate LLC__ in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Pasture Medical LLC,
a Wyoming Limited Liability Company
30 N Gould St Ste R
Sheridan, WY 82801**

☐ None [*Check if applicable*]

**March  8, 2023**_____   **/s/ Ronald S. Weiss**_____
Date                                         **Ronald S. Weiss #21215**

Signature of Attorney or Litigant
Counsel for   **Noble Health Real Estate LLC**_____
**Berman DeLeve Kuchan & Chapman, LLC**

**1100 Main, Suite 2850
Kansas City, MO 64105
(816) 471-5900 Fax:(816) 842-9955
rweiss@bdkc.com**

## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

**In re:**

**Noble Health Real Estate LLC,**

                                    **Debtor.**

Case # 23-20051

Chapter 11

### DEBTOR'S LOCAL RULE 2015-2A STATEMENT

For its *Local Rule 2015-2A* Statement, the above-captioned Debtor and Debtor-in-Possession respectfully states as follows:

1.      No Trustee or Creditor Committee was appointed in a prior bankruptcy Case.

2.      There are currently a multitude of lawsuits, garnishments, certain judgements against various related entities and the interest holder of the Debtor. The Debtor may be liable for certain claims, including a pending foreclosure on this single asset. This number and extent are unknown at this time, and disclosure will be amended upon obtaining more information.

3.      None of Petitioner's property is in the possession of or custody of a public officer, receiver, trustee, assignee for the benefit of creditors, mortgagee, or assignee of rents.

4.      The Debtor is not occupying the premises under a lease.

5.      Utilities currently providing services are listed on the attached Appendix I.


**Dated: 03/08/2023**


                */s/ Zev M. Reisman*                _____
                **Authorized Representative**
                **Title: General Manager / Corporate Secretary**

**APPENDIX I**
**Utilities**

| UTILITY | Name and Address | Balance |
|---|---|---|
| Trash | City of Fulton<br>Utilities Billing Lower Level<br>18 East 4th Street<br>Fulton, MO 65251 | $     100.00 |
| Electric | City of Fulton<br>Utilities Billing Lower Level<br>18 East 4th Street<br>Fulton, MO 65251 | $  1,650.00 |
| Gas | City of Fulton<br>Utilities Billing Lower Level<br>18 East 4th Street<br>Fulton, MO 65251 | $     650.00 |
| Area Streetlights | City of Fulton<br>Utilities Billing Lower Level<br>18 East 4th Street<br>Fulton, MO 65251 | $         5.00 |
| Water | City of Fulton<br>Utilities Billing Lower Level<br>18 East 4th Street<br>Fulton, MO 65251 | $       40.00 |
| Sewer Water / Wastewater | City of Fulton<br>Utilities Billing Lower Level<br>18 East 4th Street<br>Fulton, MO 65251 | $       70.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI**

**In re:**

**Noble Health Real Estate LLC,**                          Case # 23-20051

                                                            Chapter 11

                                 **Debtor.**

## DEBTOR'S LOCAL RULE 2015-2B OPERATING STATEMENT

The Debtor maintains its records and projections for each month of each fiscal year.  The following information is submitted in compliance with *Local Rule 2015*-2B and is for the four-week period ending March 01, 2023.

| | | |
|---|---|---|
| Estimated Gross Revenue | $ | -0- |
| Estimated payroll | $ | -0- |
| Estimated Operating Expenses | $ | 4,415.00 |
| Expected Gain or Loss | $ | (4,415.00) |

These are estimates for the operation of the Debtor's business. The first month's loss may be funded by Interest Holder of the Debtor.

**Dated: 03/08/2023**

                            */s/ Zev M. Reisman*

                            **Authorized Representative
Title: General Manager / Corporate Secretary**

3