MOW 3007-1.1    (4/2021)

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

IN RE: Noble Health Real Estate LLC         )
                                            )
                                            )
         Debtors.                           )   Case No. 23-20051
                                            )

**OBJECTION TO CLAIM**

Comes now Movant **Noble Health Real Estate LLC**, and hereby objects to the Proof of Claim filed by creditor, **Jeanette Quinn, individually and on behalf of all**, in the amount of **$7,612,573.96** including **$3,397,445.12** as a Priority Claim and was **Initially** filed on **September 22, 2023**. The court claim number is **42**.

**Your claim may be reduced, modified, or eliminated. You should read this document carefully and discuss it with your attorney, if you have one.**

Pursuant to Local Rule 3007-1 (C), the Claimant shall have 30 days after service of the Objection in which to file a Response, if you do not want the court to eliminate or change your claim. The Response shall be in writing and state why the claim should be allowed as filed. If a Response is filed, the Court will schedule a hearing. If no timely Response is filed, the Court will enter an Order sustaining the Objection to the Claim. Parties not represented by an attorney shall mail a Response to the Court at **U.S. Bankruptcy Court, 400 E. 9th St., Room 1510, Kansas City, MO 64106.** Debtor(s) not represented by an attorney must be served a copy of the Response by regular mail. If your Response is mailed, it must be early enough so that the court will receive it on or before 30 days after service of the Objection.

The basis for the objection is as follows: (PLEASE CHECK ONLY THE APPLICABLE BOXES)

☐    The deadline for filing proofs of claim expired prior to the filing of the claim, so the claim should be disallowed in its entirety. (Not applicable in Chapter 7)

☒    The claim should be disallowed entirely because**,**

### I.    INTRODUCTION

Debtor is a real estate holding company. Nothing more. Debtor has never operated, nor has Debtor ever had any employees. Notwithstanding these simple facts, **Jeanette Quinn, individually and on behalf of all** ("Quinn") has filed a purposed Class proof of claim all asserting liability against the Debtor for unpaid wages. This Claim was simply filed against the

wrong company and should be disallowed in their entirety.

At oral argument on the approval of the disclosure statement and in her motion to allow Motion to Certify Class Proof of Claim (the "Class Motion"), Quinn has vaguely asserted that Debtor may have liability as a successor to the actual employer, or as qualifying as the employer under some unspecified statute. However, Quinn has never made any specific allegations, and she cannot support her claim under any theory.

## II.     FACTUAL BACKGROUND

Sometime in 2022, Quinn filed a Class Action Petition in the Circuit Court for Calloway County Missouri (the "Class Petition"). The Class Petition named four (4) defendants [1] (the "Class Defendants") and alleged that all members of the purported class worked for the Class Defendants. The Class Petition did not contain any allegations at all regarding Debtor.

On September 22, 2023, Quinn filed her proof of claim asserting that Debtor owed in excess of $7,000,000 for the Class Defendant's employees and asserting that over $2,500,000 of that amount was entitled to priority under 11 U.S.C. § 507(a)(4). The proof of claim simply included a copy of the Class Petion and an affidavit of Quinn's attorney stating that there was a "good faith basis to believe that the Debtor could be found liable for some or all of the damages . . . either directly or vicariously under Missouri state law theories of successor lability, joint venture, de facto partnership, or piercing the corporate veil." Affidavit of Todd Werts attached to proof of claim, ¶19.

Quinn's claim does not set forth any factual or legal basis for this "good faith belief". Rather, Quinn is trying to derail this entire Chapter 11 because she might someday be able to make an allegation that – if true – could form the basis of a claim.

## III.     NO SUCCESSOR LIABILITY AS TO DEBTORS

The is no basis for a claim of successor liability, "Most jurisdictions hold that a prerequisite to the imposition of liability against a corporation under any of the four exceptions to the nonliability of successors is a transfer or sale of all, or substantially all, the assets of the predecessor to the successor." *Edwards v. Black Twig Mktg. & Commc'ns LLC*, 418 S.W.3d 512,

---

[1] Platinum Team Management, Inc., Noble Health Corp., Noble Health Management LLC, and Nuehealth Management Services, LLC.

520 (Mo. App. 2014) (citing *Grand Labs., Inc. v. Midcon Labs of Iowa*, 32 F.3d 1277, 1281 n. 5 (8th Cir.1994)). The Edwards court agreed with this view and held that a transfer of all or substantially all of the assets of one corporation to another is a prerequisite to corporate successor liability under any of the four exceptions to the general rule of nonliability, as a "logical extension of the rule that "[o]rdinarily, the separate legal identities of two corporations will be protected" (citing *Bank of Belton v. Bogar Farms, Inc.*, 154 S.W.3d 518, 520 (Mo.App.W.D.2005)", and that "[i]mposing successor liability on a corporation acquiring less than substantially all assets of another corporation would violate this basic principle of corporate law." Id. at 521.

Quinn does not allege and cannot show that Debtor acquired substantially all assets of any of the Class Defendants, that either Debtor stands as the successor as to any Class Defendant, nor that any Class Defendant stands as the predecessor to Debtor. This fact ends the inquiry, even if Quinn were at some point to develop arguments as to any potential exception to the nonliability of successors as to Debtor. While the Debtor, a real estate holding companies, may be affiliated entities with some of the Class Defendants, Quinn has advanced no argument and cited no authority for holding Debtor liable for Class Defendants' liabilities due to nothing more than this affiliation.

The reason that Quinn has not advanced such an argument is that Debtor did not acquire any assets from any of the Class. Debtor's only asset prior to the relevant time period was real estate, and its only asset after the relevant time period continues to be that very same real estate. There has never been any transfer to Debtor that could even be analyzed for potential successor liability. Accordingly, to the extent that the Claim relies on a theory of successor liability, such claim must be disallowed in its entirety.

### IV.    THE FORMER EMPLOYEES WERE NOT EMPLOYED BY DEBTORS

To the extent that Quinn asserts that Debtor is an employer simply because it is affiliated with one or more of the Class Defedhants, he Claim again fails. The following is taken directly from *Tolentino v. Starwood Hotels & Resorts Worldwide, Inc.*, 437 S.W.3d 754 (Mo. 2014), cited in Quinn's Motion to Certify Class Proof of Claim, and its application in this case should prove dispositive as to Debtors:

"In cases involving multiple alleged employers, Missouri courts have utilized several

factors to ascertain whether a particular work relationship qualifies as an employer-employee relationship to which the MMWL applies. *Fields v. Advanced Health Care Mgmt. Servs., LLC*, 340 S.W.3d 648, 654 (Mo.App.2011) (citing *Baker v. Stone County, Missouri*, 41 F.Supp.2d 965, 979–81 (W.D.Mo.1999); see also *Barfield*, 537 F.3d at 141–143),; *Conrad v. Waffle House, Inc.*, 351 S.W.3d 813 (Mo.App.2011) (applying the test adopted in *Fields*.) In *Fields*, the court of appeals utilized five factors: (1) who has the power to hire and fire the worker; (2) who supervises and controls the worker's work schedule and conditions of work; (3) who determines the rate and method of payment of the worker; (4) who maintains work records; and (5) whether the alleged employers' premises and equipment were used for the plaintiff's work. *Fields*, 340 S.W.3d at 654 (citing *Baker*, 41 F.Supp.2d at 981).

"Federal courts have referred to the first four factors identified in Fields as "formal" factors indicating the existence of joint employment. See, e.g., *Barfield*, 537 F.3d at 143. Although the federal courts have employed a variety of additional "functional" factors in analyzing FLSA cases, these factors are derived from FLSA definition of the term "employ," which includes the phrase "suffer or permit to work." 29 U.S.C. § 203(g).5 The United States Supreme Court has recognized repeatedly that the broad definition of the term "employ" utilized by the FLSA requires a broad construction of the term. See *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992); *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947). The "functional" factors employed by the federal courts are premised on the FLSA's broad definition of the term "employ." The MMWL does not define the term "employ."[…]"

*Tolentino*, 437 S.W.3d at 758. This test is generally known as the "economic realities" test and the factors are "highly relevant to MMWL claims." *Diaz v. AutoZoners, LLC*, 484 S.W.3d 64, 79 (Mo. App. 2015). While the putative Former Employees may have worked on premises owned by Debtor, Quinn has not alleged and cannot establish that any of the other factors are true as to Debtor, and generally fails to satisfy the statutory and common requirements of her cited authorities. Quinn has not alleged and cannot show that Debtor ever acted directly or indirectly with respect to the putative former employees, whether on behalf of the employee's actual employers (See Section 290.500(4), RSMo.), as sole employers, joint employers, or otherwise, nor that Debtor have ever been responsible to meet the "Medical System's" payroll and employee benefits obligations. While Quinn appears to focus on an

extremely broad application of Section 290.500.(4), RSMo., she ignores the operative portion of *Tolentino, et seq.*, and the "economic realities" test, even though these authorities are part and parcel of the same analysis. Even if applicable standards and exceptions are construed liberally, as Quinn asserts, they must be, there is no doubt as to Debtor, and no basis in law or fact to conclude that Debtor ever employed any former employee in any manner.

### V.    CONCLUSION

Quinn has failed to allege and certainly cannot establish any factual or legal basis for a finding that Debtor should be liable for the alleged debts of the Class Defendants named in her Class Petition, under either of her theories of successor liability or joint employment, and for this reason her claim should be disallowed in its entirety.

☐    The claim should instead be allowed as a (secured, priority, or unsecured) claim in the amount of $Enter amount because Enter reason.

☐    The claim should instead be allowed as secured in the amount of $Enter amount and unsecured in the amount of $Enter amount because Enter reason.

☐    Other Enter text:

Dated: 12/7/2023                    */s/ Ronald S. Weiss*
                                     Attorney for Debtor
                                     1100 Main St., Ste. 2850
                                     Kansas City, MO 64105

### CERTIFICATE OF SERVICE

I, Ronald S. Weiss , hereby certify that a true and correct copy of the Objection to Claim was mailed to (affected creditors/unrepresented parties requesting notice) by first class mail this 6th day of December, 2023.

**Jeanette Quinn, individually and on behalf of all**
**c/o Todd C. Werts**
**Lear Werts LLP**
**103 Ripley Street**
**Columbia, MO 65201**

Represented parties received notice electronically via the court's Electronic System.

Dated: 12/7/2023                    */s/ Ronald S. Weiss*
                                     Typed Name or Signature

MOW 3007-1.1    (4/2021)

**Court address: U.S. Bankruptcy Court, 400 E. 9th St., Room 1510, Kansas City, MO 64106**

**Instructions: Complete all parts of the form and serve on the affected parties**

ECF Event: Bankruptcy>Claim Actions>Objection to Claim (includes 30-day notice)