UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

---

In re:

NOBLE HEALTH REAL ESTATE LLC     CHAPTER 11

    Case No. 23-20051

    Debtor.

---

# U.S. DEPARTMENT OF LABOR-WAGE AND HOUR DIVISION'S RESPONSE TO THE DEBTOR'S OBJECTION TO ITS CLAIM

The United States Department of Labor, Wage and Hour Division ("Wage and Hour"), by and through its undersigned counsel, hereby submit its Response to the Objection (Dkt. # 257), filed by Noble Health Real Estate LLC (the "Debtor") to Wage and Hour's claim (Claim # 39).

## A.     WAGE AND HOUR'S CLAIM

The Acting Secretary of Labor on behalf of Wage and Hour timely filed a proper proof of claim (the "Claim") against the Debtor on September 22, 2023 for unpaid wages owed by the Debtor to hospital and clinic workers. The basis for the initial Claim was described in the proof of claim and supporting documentation set forth in the Addendum attached to Claim #39-1. Wage and Hour later amended the Claim to state a total of $614,021.51 in wages owed by the Debtor, of which $601,395.67 holds priority status pursuant to 11 U.S.C. § 507(a)(4). See Claim #39-2. In accordance with Fed. R. Bank. P. 3001, the Claim was made in writing using the Official Form, was executed by Wage and Hour's authorized agent, and included the necessary supporting information.

## B. STANDARD

As the Claim constitutes prima facie evidence of the amount and validity of the claim under Fed. R. Bankr. P. 3001(f), the burden shifts to the debtor to produce "substantive evidence rebutting the claim." In re Waterman, 248 B.R. 567, 571 (B.A.P. 8th Cir. 2000). However, the debtor's burden is not "satisfied by the mere filing of an objection." In re Nagro, 2023 WL 11265331, at * 5 n. 1 (N.D. In. 2023) (citing 55 B.R. 354; Collier on Bankruptcy, Par. 3001.09(1) and (2), pp. 3001-28-29 (Collier on Bankruptcy 16th Ed.)). Instead, "the objecting party bears the burden of producing sufficient evidence to rebut the presumptive validity of a proof of claim." In re McDaniel, 264 B.R. 531, 533 (B.A.P. 8th Cir. 2001) (citing Brown v. IRS (In re Brown), 82 F.3d 801, 805 (8th Cir.1996)). The Debtor has not met this burden.

## C. THE DEBTOR'S OBJECTION

On August 1, 2024, the Debtor filed a cusory objection to the Claim (Dkt. #257), alleging only, in pertinent part, that: (1) Noble Health Real Estate LLC has no financial obligation to the United States Department of Labor-Wage and Hour; (2) The WHD's exhibits assert claims against Third-Party Defendants "Noble Health Audrain Community Hospital" and "Noble Health Corp." [Debtor's Allegation No. 3] which have "no relation to Noble Health Real Estate LLC." [Debtor's Allegation No. 4]; (3) Debtor resolved "any basis" for Wage and Hour's claim through a settlement with "Jeanette Quinn, individual and on behalf of those similarly situated." [Debtor's Allegation No. 5]; and (4) The Debtor Noble Health Real Estate LLC has "never been an employer, nor had employees."

## D. THE DEBTOR'S OBJECTION FAILS TO REFUTE THE PRIMA FACIE VALIDITY OF THE CLAIM

Here, the Debtor's list of self-serving assertions fails to produce any substantive evidence to rebut the Claim.

**1. Wage and Hour Has the Authority to Seek Back Wages for Employees**

First, the Debtor misconstrues the role of Wage and Hour. The United States Department of Labor, Wage and Hour Division, is the agency responsible for enforcing various federal labor laws that protect workers, including the Fair Labor Standards Act of 1938 ("FLSA").

The FLSA is the federal law that requires employers to pay their employees minimum wage and overtime, and to keep accurate employment records. Under the FLSA, employers must pay employees at least the applicable minimum wage for each hour worked. 29 U.S.C. §§ 202(a), 206; <u>Citicorp Indus. Credit, Inc. v. Brock</u>, 483 U.S. 27, 37 (1987) (in addition to improving working conditions, purpose of FLSA is "that interstate commerce should not be made the instrument of competition in the distribution of goods produced under substandard labor conditions, which competition is injurious to commerce") (internal citation omitted); <u>Barrentine v. Ark.-Best Freight Sys., Inc.</u>, 450 U.S. 728, 739 (1981) ("The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions that are detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'").

While Section 12(b) of the FLSA affords a private right of action for "one or more employees for and on behalf of himself or themselves and other employees similarly situated" to collect unpaid minum wages or overtime, section 12(c) grants the Secretary of Labor the <u>separate</u> authority to "bring an action in any court of competent jurisdiction" to recover those wages. 29 U.S.C. §§ 216(b) and (c)(emphasis added). Thus, the Acting Secretary of Labor acts in the <u>public interest</u> by enforcing the FLSA by seeking owed wages on behalf of employees.

Therefore, while the Debtor may not have a direct financial obligation to the United States Department of Labor <u>itself</u>, it does have a significant financial obligation to the unpaid employees on behalf of whom Wage and Hour acts.

**2. The Debtor Was an Employer of The Unpaid Employees**

Next, the Debtor asserts that it does not, nor has it ever, had employees. However, under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Supreme Court has noted that the FLSA defines the employment relationship with "striking breadth." <u>Nationwide Mut. Ins. Co. v. Darden</u>, 503 U.S. 318, 326 (1992). Further, the Eighth Circuit has articulated that "[t]he test of employment under the FLSA is one of economic reality." <u>Ash v. Anderson Merchandisers, LLC</u>, 799 F.3d 957, 961 (8th Cir. 2015).

In evaluating whether related entities constitute an integrated enterprise, the Eighth Circuit has utilized a four-part test considering: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control. <u>Sandoval v. Am. Bldg. Maint. Indus., Inc</u>., 578 F.3d 787, 793 (8th Cir. 2009). Thus, for example, the Western District of Arkansas found that separate entities were part of an integrated enterprise where all four <u>Sandoval</u> factors were met, and both entities were therefore liable to the plaintiffs as an employer under the FLSA. <u>Perez-Benites v. Candy Brand, LLC</u>, No. 1:07-CV-1048, 2011 WL 1978414, at *11-12 (W.D. Ark. May 20, 2011).

Here, the entities had interrelated operations, common management, centralized control of labor, and common ownership or financial control. Various legal entities related to the Noble enterprise were created in December of 2019, including Noble Health Real Estate LLC and Noble People LLC. The Articles of Organization indicate the purpose of the company was to "acquire,

own, manage, lease and sell real estate, including for health care services and facilities, and the transaction of any lawful business for which a limited liability company may be organized under the Missouri Limited Liability Company Act." [Attachment 1]. Noble People LLC was registered for the purpose to "recruit, employ, engage and manage personnel for health care operations, facilities and services…" [Attachment 2]. Both Noble People LLC and Noble Health Real Estate LLC were owned and operated by Noble Health Corp, and all were owned and operated by the same individuals. [Attachment 3-Organizational Chart]. Despite the various entities, the companies were run as a single operation. Accordingly, the various Noble entities were interrelated and used to further the objectives of same enterprise.

The aforementioned individuals owned and operated the hospitals and clinics, directed the operation of employees, and exerted the same financial control over the various Noble entites. Indeed, the hospitals and clinics could not have continued to operate and maintain the value of the hospitals and clinics without the employment of the employees. Thus, Noble Real Estate LLC acted as an employer to the hospital and clinic workers, who worked for a significant period of time without receiving even the minimum wage for the hours they worked.

   **3. Wage and Hour is Not Party to Any Private Settlement**

The Debtor asserts that any claim Wage and Hour may have has been resolved via a private resolution. First, Wage and Hour is not a party to any settlement agreement or other resolution regarding payment of the back wages set forth in its Claim. Second, it is unclear if the Debtor has met, or is able to meet, its obligations under the alleged resolution to which it refers in its Objection. Simply put, Wage and Hour has yet to see evidence that any of the employees listed in its Claim have received <u>any amount</u> of the wages owed to them, or that the Debtor will in fact pay the wages that it owes.

In conclusion, based on the foregoing the Court should deny the Debtor's objection to Wage and Hour's Claim.

Dated this 30th day of August, 2024.

    Respectfully submitted,

    Seema Nanda
    Solicitor of Labor

    Christine Z. Heri
    Regional Solicitor

    Evert H. Van Wijk
    Associate Regional Solicitor

    */s/Quinlan Moll*
    */s/ Ambriel Renn-Scanlan*
    Quinlan Moll
    Ambriel Renn-Scanlan
    Attorneys for the U.S. Department of Labor
    Office of the Solicitor
    2300 Main Street, Suite 10100
    Kansas City, MO 64108
    Renn-Scanlan.Ambriel@dol.gov
    Moll.Quinlan.B@dol.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2024, the above and foregoing document was filed electronically using CM/ECF and a true and correct cop of the above and foregoing was served as follows:

> __X__ upon filing, the CM/ECF system sent notification to Debtor's counsel and all parties participating in the CM/ECF system in this matter.

>> */s/ Ambriel Renn-Scanlan*
>> */s/Quinlan Moll*
>> Attorneys for the U.S. Department of Labor
>> Office of the Solicitor
>> 2300 Main Street, Suite 10100
>> Kansas City, MO 64108
>> Renn-Scanlan.Ambriel@dol.gov
>> Moll.Quinlan.B@dol.gov