**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| NOBLE HEALTH REAL ESTATE, LLC, ) | CASE NO. 23-20051-CAN11 |
| ) | |
| DEBTOR. ) | |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS

Pursuant to 28 U.S.C. § 586(a)(3); 11 U.S.C. §§ 1112(b) and 1185(a), the United States Trustee (the "UST") moves the Court for an order dismissing the case. In support of this Motion, the United States Trustee is informed and believes and therefore alleges that:

1. This motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157.

2. Noble Health Real Estate, LLC. (the "Debtor) filed a Chapter 11 voluntary bankruptcy petition on February 10, 2023.

3. The Debtor's Third Amended Chapter 11 Plan (the "Confirmed Plan") was confirmed by an order entered on May 30, 2024 (the "Confirmation Order").

4. Paragraph 6.1 of the Confirmed Plan provides in pertinent part that the "Debtor will file all post-confirmation reports required by the United States Trustee's office."

5. Paragraph 10.6.3 of the Confirmed Plan reiterates that the "Debtor shall file all reports and pay all fees required by the Bankruptcy Code, Bankruptcy Rules, U.S. Trustee guidelines, and the rules and orders of the Bankruptcy Court."

6. Paragraph 19 on page 6 of the Confirmation Order states that:

   > In accordance with 11 U.S.C. § 1129(a)(12), the Court finds and concludes that, to the extent that all fees payable to the U.S.

    Trustee under 28 U.S.C. § 1930(a)(6) have not been paid, the Plan provides for the payment of all such fees on the Effective Date of the Plan and as they come due after the Effective Date.

7. The Debor has failed to file any post-confirmation distribution reports ("PCRs") required by the United States Trustee since the confirmation of this case.

8. Specifically, the Debtor needs to file PCRs covering the 2nd (June, 2024), 3rd (July-September, 2024) and 4th (October-December, 2024) quarters.

9. Without these reports, the United States Trustee cannot calculate the actual amount of quarterly fees due in this case pursuant to Section 1930(a)(6) of Title 28.

10. Further, given the substantial payments due under the plan during this time frame, the United States Trustee believes that the amounts of such fees that are actually due greatly exceed the amounts billed. The United States Trustee has billed the Debtor $250 per quarter (the minimum fee due under the law) based its historical prior distributions in this case, which are substantially less than the amounts due under the plan. Assuming the Debtor has made the plan payments, the amount of fees due will need to be calculated based on these actual distributions.

11. Nevertheless, even if the amounts are correct, the Debtor has failed to pay any amounts due on the quarterly fee balance since May 10, 2024. Accordingly, the Debtor has a fee balance owed to the United States of at least $750.00.

12. On December 11, 2024, the United States Trustee notified the Debtor, through its counsel of record, of the default and requested the default be cured prior to December 18, 2024. Counsel for the Debtor contacted the United States Trustee's counsel shortly thereafter to request an extension through January 3, 2025, which the United States Trustee granted. Nevertheless, no reports have been filed, no fees have been paid and the Debtor is in

default.

13. Pursuant to 11 U.S.C. § 1112(b)(2), the Court shall convert or dismiss a Chapter 11 case, after notice and hearing, if the movant establishes cause, unless the Court specifically identifies unusual circumstances establishing that dismissal or conversion is not in the best interests of creditors and the estate. Section 1112(b)(4) of the Bankruptcy Code lists certain grounds that constitute cause, but such grounds are illustrative not exhaustive. 11 U.S.C. § 1181(a).

14. The Debtor's failure to pay the administrative expenses, including UST quarterly fees, as they become due is cause for dismissal. Accordingly, cause exists to dismiss this case under Section 1112(b)(4)(k) because the Debtor owes outstanding fees.

15. Further, a material default by the Debtor with respect to the Confirmed Plan is cause for dismissal under Section 1112(b)(4)(N). Here, the United States Trustee submits that the requirement to file timely post-confirmation reports and to pay the fees requirement by law is a material provision of the Confirmed Plan for which the Debtor is now in default.

WHEREFORE, the United States Trustee respectfully requests the Court's order dismissing this Chapter 11 case, and for such further relief as may be just and proper.

        Respectfully submitted,

        JERRY L. JENSEN
        ACTING UNITED STATES TRUSTEE

        JILL PARSONS
        ASSISTANT UNITED STATES TRUSTEE

        BY:   */s/ Adam E. Miller*
            Adam E. Miller, Mo. Bar #65429
            Office of the United States Trustee
            United States Courthouse

400 E. 9th Street, Room 3440  
Kansas City, MO 64106  
Telephone:    (816) 512-1940  
adam.e miller@doj.gov

## CERTIFICATE OF SERVICE

    I certify that a copy of the above and foregoing was served this 7th day of February, 2025 by United States Mail, postage prepaid upon those parties who have requested notice but do not receive notice via the Court's electronic court filing system including the creditor matrix.

    */s/ Adam E. Miller*